49 CCPA
**Application of Horace L. LANSING.**
Patent Appeal No. 6819.

United States Court of Customs
and Patent Appeals.
May 18, 1962.

Emory L. Groff and Emory L. Groff, Jr., Washington, D. C., of counsel, for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRK-PATRICK.*

SMITH, Judge.

The Board of Appeals affirmed the examiner's rejection of claim 6, the only claim remaining in the case, of appellant's application for patent Serial No. 454,099 filed September 3, 1954 for "COMBINED RAIL JOINTS AND SHIMS." The application in issue is a continuation of an earlier application, Serial No. 120,144 filed October 7, 1949 which matured into U. S. Patent No. 2,702,161.

The application discloses a joint bar to be used in joining aligned sections of railway track. The joint bar has enlarged head and foot portions to which metal shims are secured by an adhesive. The upper shim has wing portions overlying the upper load bearing and inwardly facing non-load bearing surfaces of the enlarged head portion. Similarly, the lower shim has wing portions overlying the lower load bearing and inwardly facing non-load bearing surfaces of the enlarged foot portion. A made-up rail joint utilizes one of appellant's joint bars, one each side of the rail ends, bolted together through the web of the aligned rail ends. The upper and lower shim portions bear against the underside of the rail head portion and the upper face of the rail foot portion, respectively, while the inwardly facing shim portions bear against the webs of the joined rail ends.

Appellant has summarized the invention in his brief as relating to "a prefabricated unitary joint bar and shim for use on railway rails."

Appealed claim 6 reads as follows:

"A preassembled consolidated shimmed rail joint bar unit for simplifying the handling of such consolidated units prior to installation and also facilitating the safe positioning thereof into the related fishing spaces of railway rail ends during movement of the unit to operative position relative to said ends, comprising, in combination, a joint bar having head and foot portions including upper and lower load bearing surfaces and inwardly facing non-load bearing surfaces, and a metal shim having opposite wing portions, one of which wing portions

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

is applied to a related load bearing surface and the other of which wing portions is disposed over an inner non-load bearing surface, and a sticky non-metallic glutinous substance between the load bearing surface of the bar and the contacting surface of the shim to immovably hold the shim thereto."

Appellant's position as to the invention thus claimed is stated in his brief as follows:

"The integrated product defined by the single claim on appeal, provides, for the first time in the railway industry a shimmed rail joint bar which can be completely fabricated at a rolling mill and then distributed to the railroads as a complete unit, ready for installation in track on new rail, and at the required time, readily re-shimmed while saving the original bar in toto without removing it from the track site for reforming or other operations, and permitting restoration without encountering the hazards incident to repairing a worn bar."

A shim shown in appellant's earlier patent No. 2,702,161, like the shim here disclosed, is a long shim which extends the length of the rail joint bar. As distinguished from the presently claimed construction, the shim of appellant's prior patent is held in place on the rail joint bar by the resilient snap-on characteristics of the shim. In the presently claimed construction the shim is held in place by an adhesive bond. It is, therefore, only this adhesive bond feature which distinguishes the presently claimed invention over appellant's own prior patent.

The specification of the application on appeal, explains the problem existing in the art of connecting the ends of adjacent railway track sections by means of joint bars bolted thereto. It is pointed out, that in the normal life of a rail, at least two sets of joint bars will be required to connect the rail ends. This is a costly maintenance procedure and, as the specification points out,

" * * * One way of meeting the problem has been to use separate shims on the head or head and base of the bar so that one set of joint bars can thus be reserviced to last the life of the rail. This practice of using separate metal shims as such, has not come into general or standarized use, not because it does not produce a better joint and effect economies, but because of the difficulty in installation and consequent cost caused by the handling of an increased number of separate parts."

Appellant also has pointed out in the specification what are asserted to be the objections to the general use of shims and which are here summarized as follows:

"1. Installation is difficult and slow for track crew members who must hold the otherwise loose and separate shim properly in place during installation of the joint bar.

"2. The use of the hands and fingers in this operation is hazardous because of the risk of having them mashed or cut, and tongs or other tools are impractical since they are awkward and in the way of assembly operations and do not contribute to accurate emplacement.

"3. The separate head shims have a tendency to cock, skew or shift and, therefore, are seldom properly seated.

"4. If the loose shims are applied to the head, or head and base, of the bar under present practice, they will shift either under their own weight or because of unbalanced frictional contact during the relative movement of parts to an undesired position.

"5. Since the work is done by unskilled track crews, there is no assurance that the shim is properly located in the final installation."

Appellant asserts that the claimed invention overcomes the foregoing objections to the use of shims because of the

allegedly novel combination he has disclosed.

The single figure of the drawings of the application shows a joint bar with a shim extending substantially throughout the length of the load bearing face of the bar, the shim being attached by bonding material at its underside to the load bearing surfaces at the top and bottom of the bar to provide an integrated bar and shim, which may be made at a rolling mill, so that a new bar after it is rolled may be provided with a shim which will take the wear, and, when such wear becomes critical, the worn shims on the bars may be removed by breaking the adhesive bonds and by re-cementing a new shim thereon.

The bar with the worn shim may be reconditioned for further use by breaking the adhesive bond and removing the worn shim, after which a new shim is secured to the old bar by an adhesive bond which may be applied while the bar is loosened while in place. Thus reshimmed, the old bar may then be tightened to the rail ends and its service life is extended by the new shim.

The references relied upon by the examiner are:

| | | |
|---|---|---|
| Keough | 1,707,434 | Apr. 2, 1929 |
| Crowther | 1,874,462 | Aug. 30, 1932 |
| Fifield | 2,069,361 | Feb. 2, 1937 |
| Fink | 2,542,405 | Feb. 20, 1951 |
| Lansing | 2,702,161 | Feb. 15, 1955 |
| Ciba Ltd. | | |
| (Australia) | 133,819 | Aug. 10, 1949 |

The board relied primarily upon the Fifield, Crowther and Fink patents in its decision, so it is not necessary to discuss the other references in detail.

The examiner in his answer took the position that the claim was unpatentable over Fifield in view of Crowther and additionally relied upon the patent to Fink. It was therefore the position of the board that the examiner had found the claim to be unpatentable over Fifield in view of Crowther or Fink.

The Fifield patent, No. 2,069,361, discloses a rail joint in which shims are interposed between the undersurfaces of the rail head and the upper load bearing surfaces of the joint bars. Each shim has a wing portion to overlie the inwardly facing non-load bearing surface of the joint bar head portion, and a load bearing wing portion tapered in thickness from mid-section to ends. To shim the worn joint, the tie bolts may be loosened, a shim for each joint bar slid lengthwise by means of the integral tab to the desired position between the rail head and head portion of the joint bar, and the bolts then retightened. Each tab is then bent down and welded to the joint bar, "to hold the shim rigidly against displacement in the joint". The thick intermediate portion of the shim is located at the greatest point of wear, rarely at the actual joint or gap between the rails when load traffic is not the same in both directions. However, where the track is used for two-way traffic of like load, the shim position may be medial of the joint bar as shown in the drawing.

The patent to Crowther, No. 1,874,462, discloses bolts or nuts having lock washers adhesively secured in ultimate position thereto, to obviate assembly therewith at the work site.

The patent to Fink, No. 2,542,405, discloses a connecting rod bearing having selectively removable metal layers adhesively secured to the back side thereof, to facilitate fitting the bearing to an undersized or worn shaft.

In its decision, the board agreed with the examiner that claim 6 is unpatentable over Fifield in view of Crowther or Fink. The board stated:

"It is our opinion that the Fifield shim and joint bar could be preassembled in those situations where adjustment was deemed unnecessary [two-way traffic with like load] and that such preassembly of parts would be obvious to a person of ordinary skill particularly in view of the teaching of Crowther and Fink."

With regard to attachment of Fifield's shim to his joint bar as a preassembled unit, the board stated that "it would be

obvious to use conventional adhesive means such as used by Crowther and Fink for instance." The board observed that the recited "sticky non-metallic glutinous substance" was simply a dictionary definition of "adhesive," which was the term originally employed by appellant and used by both Crowther and Fink.

It is appellant's position that the Fifield reference does not disclose the claimed combination and that the Crowther and Fink references are from remote and non-analogous arts. In his brief the argument is stated as follows:

" * * * the single claim involved is a *combination* claim. The patentability of claims of this type does not depend solely upon the finding of a new result or an unobvious result. It is fundamental that a combination of old elements that produces a new and beneficial result may be patentable. The new, practical and advantageous results are dwelt upon in the original specification and elsewhere in this brief.

"Appellant predicates patentability of his claim on the *combination of a rail joint bar and a shim preassembled to provide a consolidated shimmed rail joint bar* wherein the metal shim is *permanently* fixed to the bar as a stage in original manufacture and before installation."

If we are to support the rejection, based on 35 U.S.C. § 103, we must find that the invention as a whole would have been obvious at the time the invention was made to one of ordinary skill in the art involved.

The primary reference relied upon by the examiner and the board is the Fifield reference. It is admitted, as argued by appellant, that this reference does not disclose the claimed combination. The shim and the rail bars disclosed by Fifield are not connected to form a preassembled consolidated shimmed rail joint bar such as applicant has provided. 35 U.S.C. § 103 applies, however, to the situation where "the invention is not identically disclosed or described as set forth in section 102 of this title" and requires that a determination be made as to whether "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious."

The issue we must decide, therefore, is whether it would have been obvious to one of ordinary skill in this art with the Fifield disclosure before him, to unite the loose shims to the rail bar by means of an adhesive disclosed in the Crowther and Fink references in which metal to metal surfaces are joined by an adhesive to form a single unit for ultimate use. The screw and lock washer of Crowther and the bearing shim laminates or layers of Fink are each unitary, preassembled combinations of the individual elements in the same sense that appellant's attached preassembled shim and rail bar is a combination of its individual elements.

Fifield secures shims to rail bars by bending the tabs of the shims and welding them to the rail bar. While there are differences between Fifield and appellant as to the time when the shims and the rail bars become a single prefabricated unit, we think Fifield clearly teaches such a combination. Appellant urges that since the Fifield construction will not provide a shim long enough to cover the entire rail joint bar, it is not a satisfactory solution for the problem presented in the art. It is appellant's position that the placement of Fifield's shorter shims can be effective only if such shims are tab welded as taught by Fifield. Appellant then argues that such a construction is not practical because of failure of the welds in service. We find, however, no basis in Fifield which warrants appellant's suggestion that the weld for the tab might fail under conditions of use. It is apparent that appellant's shim, as well as Fifield's, is subject to compressive forces exerted by the rail ends and joint bar and we see no reason to assume that one would be any more likely to succeed than the other in maintaining

the shims on the rail bars under such conditions.

The function of the shim in bringing the joint bar to full effective size is the same in appellant's and Fifield's joints. The question then is not whether a new combination or mode of operation is presented, but rather whether it would be obvious to make the substitution of appellant's shim securing means in the old Fifield combination.

It seems to us that the Fifield shim and joint bar could be secured together as a preassembled unit by use of an adhesive and that such preassembly by use of an adhesive would be obvious to a person of ordinary skill in the art, in view of the uses made of adhesives in Crowther and Fink to provide preassembled units of otherwise separate elements.

For the foregoing reasons, we *affirm* the decision of the Board of Appeals.

Affirmed

MARTIN, J., sat but did not participate because of illness.